489 P.2d 112

**STATE of Utah, Plaintiff and Respondent,**

v.

**James McMAHON, Defendant and Appellant.**

**No. 12228.**

Supreme Court of Utah.

Sept. 27, 1971.

———◆———

Fred W. Finlinson, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Chief Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was charged in the District Court of Weber County with the

offense of receiving stolen property the value of which was in excess of $50. After a trial was had the jury returned a verdict of guilty and thereafter the court sentenced the defendant to serve not more than five years in the Utah State Prison. The defendant is here seeking a reversal of the verdict and judgment of the court.

The record shows that two snowmobiles were stolen from an automobile dealer in Salt Lake City. Thereafter the snowmobiles were traced to Ogden, Utah. Randall Thomas Hastie and William Francis White testified that they and the defendant went to Salt Lake City in separate automobiles and while there they attached a trailer carrying the snowmobiles to one of the automobiles and transported the machines to Ogden, Utah.

It is the defendant's contention here that Hastie and White were accomplices and that the record does not contain sufficient evidence other than the testimony of the accomplices to meet the requirements of Section 77–31–18, U.C.A.1953, which provides as follows:

A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient, if it merely shows the commission of the offense or the circumstances thereof.

In addition to the testimony of the accomplices there is evidence of an oral confession made by the defendant. The defendant's confession is sufficient to connect him with the commission of the crime charged.

The issues of the defendant's guilt and the corroboration of the testimony of the accomplices were submitted to the jury with proper instructions and the jury returned a verdict of guilty.

The defendant here claims that he was not advised of his constitutional rights and his confession should not have been received in evidence. The confession was not objected to when it was offered by the prosecution and the record indicates that the defendant's counsel was present when the confession was made. We see no error in receiving it.

We find no error in the record and the verdict and judgment of the court below is affirmed.

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ., concur.